UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DOROTHY M. HENDERSON, | ) | No. CV 05-03797-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further proceedings.

1    The first issue presented in the Joint Stipulation ("JS") is
2 whether the ALJ correctly addressed the question of whether Plaintiff
3 has a severe mental impairment. The ALJ found no such mental
4 impairment. (See AR at 25, Finding 2.)
5    The record contains substantial evidence pertaining to the issue
6 of mental impairment. As the ALJ noted, Plaintiff has a history of
7 depression and anxiety and had been advised in March 2001 to have a
8 mental health evaluation. (See AR at 20.) The Decision notes that
9 Plaintiff was examined by consultative examiner ("CE") Dr. Ho in
10 September 2001. (AR 20, 277-281.) The ALJ interpreted Dr. Ho's report
11 as providing that Plaintiff could follow simple instructions and
12 perform simple tasks, and could interact with others. (AR 20.) The
13 ALJ continued that, based on Dr. Ho's opinion, the State Agency doctor
14 concluded that Plaintiff can perform simple work. (AR 21, 290.) The
15 ALJ, however, accepted the conclusions of another psychiatric CE, Dr.
16 Goldsmith, who assessed that Plaintiff can perform simple and complex
17 work, has only mild limitations in her ability to relate and interact
18 with supervisors, co-workers, and the public, can maintain normal
19 concentration, attention, persistence and pace, and evidences only
20 mild impairment in her ability to adapt to stresses common to a normal
21 work environment. (AR 21, 351-356.)
22    The decision reflects an incorrect assessment of the mental
23 impairment evidence. The Commissioner, in the JS, compounds the error
24 by interpreting the conclusions of the State Agency physician, Dr.
25 Pasricha, as providing that Plaintiff has no limitations in her
26 ability to understand, remember and carry out simple instructions. (JS
27 at 6, citing AR 288.) Both the Commissioner and the ALJ fail to
28 address Dr. Pasricha's assessment of functional limitations, and in

particular, the fact that Dr. Pasricha found a "moderate" degree of limitation in "maintaining concentration, persistence or pace." (AR 286.) This portion of Dr. Pasricha's report (entitled "Rating of Functional Limitations"), at AR 286, exactly reflects the categories of functional limitations relevant to the assessment of severe mental impairment which govern the Commissioner's determinations. (See 20 C.F.R. §404.1520a.) According to that regulation, difficulties in maintaining concentration, persistence, or pace are one of the functional areas relevant to determining the existence of a severe mental impairment. There is a five-point scale: none, mild, moderate, marked, and extreme. When the degree of limitation is rated as none or mild in the area of concentration, persistence or pace, the Commissioner will "generally conclude" that the impairment is not severe. (See 20 C.F.R. §404.1520a(D)(1).) Thus, Dr. Pasricha's assessment of Plaintiff's functional limitations in this area would be relevant to the determination of whether or not Plaintiff has a severe mental impairment. Yet, both the Commissioner and the ALJ only focus on Dr. Pasricha's opinion that Plaintiff is not significantly limited in her ability to understand and remember short and simple instructions. (See AR at 288.) An ability to understand simple instructions does not negate the existence of a severe mental impairment. Moreover, Dr. Ho's conclusion that Plaintiff can make simple social, occupational and personal adjustments (see AR at 281) must be read in conjunction with his conclusion on the Psychiatric Review Technique Form ("PRT") that a residual functional capacity ("RFC") assessment is necessary. (See AR at 284.)

    Because the ALJ committed error in the assessment of whether Plaintiff suffers from a severe mental impairment, the matter must be

3

remanded for further hearing and determination of this issue at Step Two of the sequential evaluation process.

Plaintiff's second issue is also meritorious. Plaintiff contends that the ALJ improperly relied on the opinion of a disability evaluation analyst employed by the State Agency. (JS at 9-12.)

Plaintiff has no past relevant work. (<u>See</u> AR at 24.) Therefore at Step Five, it was incumbent upon the ALJ to identify work which Plaintiff could perform. In doing this, the ALJ relied upon the conclusions of a State Agency "disability evaluation analyst" who checked off a form on October 29, 2001 which indicates that Plaintiff is capable of "unskilled-medium" work and which identifies three occupations. (AR at 125.) It is incumbent upon the Commissioner to utilize a vocational expert ("VE") or other specialist to determine "whether your work skills can be used in other work and the specific occupations in which they can be used..." (<u>See</u> 20 C.F.R. §416.966(e).) Here, the Commissioner seeks to defend the ALJ's use of a disability evaluation analyst whose qualifications are totally unrevealed by the record. The Commissioner presents no authority to substantiate her argument that a disability evaluation analyst can be considered an expert within the meaning of the regulations, and the Court has not been able to find any such authority. Logically, if this were the case, there would no need to utilize a VE to satisfy the Commissioner's Step Five obligations in an appropriate case. Remand on this basis will therefore occur.[1]

It is unnecessary for the Court to address at length Plaintiff's

---

[1] Even in the absence of error in the determination of the existence of a mental impairment, this error would constitute sufficient reason in and of itself to justify a remand.

4

third issue, which concerns the procedural conduct of the hearing (see AR at 357-381), since the matter will be remanded for further hearing, and Plaintiff is now represented. The ALJ, however, will not rely upon evidence obtained from witnesses at the hearing which occurred on June 12, 2003. At a new hearing, Plaintiff will be afforded the opportunity to both present evidence and to examine witnesses.

Finally, as to Issue Four, since a new hearing will incorporate a reevaluation of the medical evidence, the ALJ must, likewise, evaluate witness testimony in light of a de novo consideration of the medical evidence. This includes a reevaluation of Plaintiff's credibility, and the evaluation of lay witness statements.

For the foregoing reasons, the matter will be remanded for further hearing consistent with this Memorandum Opinion. Plaintiff's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part, Defendant's Cross-Motion for Summary Judgment is **DENIED**, and the matter is **REMANDED** for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED:  March 7, 2006

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE